REQUESTED BY: Dear Senator Hoagland:
In your letter of January 30, 1979, you raise certain questions about the immunity of Nebraska State Legislators for words spoken and actions taken in their legislative capacity. Enclosed for your use and information is a copy of a very recent decision from the United States District Court for the District of Nebraska in the case of Green v.DeCamp, et al., CV78-L-167 decided by Judge Urbom on January 29, 1979.
This litigation arose out of the activities of the select committee of the Nebraska Legislature reviewing the operations of the criminal and drug divisions of the Nebraska State Patrol. In dismissing the action against the defendants, Judge Urbom generally analyzed the law applicable in such situations.
He refers to the United States Supreme Court decision in Tenney v. Brandhove, 341 U.S. 367 (1951) where the court held that the state legislators acting in a field where legislators traditionally have power to act are immune from civil liability under the Federal Civil Rights Act. Specifically the court held:
 ". . . the civil rights statutes were not intended to make legislators personally liable for damages to a witness injured by a committee exercising legislative power. . . ."
Judge Urbom also relates in this opinion that the Supreme Court has decided a series of speech and debate cases and has held with reference to members of Congress that they are immune from judicial inquiry into their votes, their speeches on the Floor of Congress, their decisions to circulate information to other members of Congress, their participation in committee investigations and proceedings, and their issuance of subpoenas pursuant to a legitimate committee investigation.
On the other hand Judge Urbom relates that members of Congress are not immune from judicial inquiry into their public distribution of materials gathered by committees, or their acceptance of bribes in return for votes on pending legislative business.
With respect to the immunity of state legislators, the United States Supreme Court stated in Tenney v. Brandhove,supra:
 "The claim of an unworthily purpose does not destroy the privilege. Legislators are immune from deterrents to the uninhibited discharge of their legislative duty, not for their private indulgence but for the public good. One must not expect uncommon courage even in legislators. The privilege would be of little value if they could be subjected to the cost and inconvenience and distractions of a trial upon a conclusion of the pleader, or to the hazard of a judgment against them based upon a jury's speculation as to motives. . . .
 "Investigations, whether by standing or special committees, are an established part of representative government. Legislative committees have been charged with losing sight of their duty of disinterestedness. In times of political passion, dishonest or vindictive motives are readily attributed to legislative conduct and as readily believed. Courts are not the place for such controversies. Self-discipline and the voters must be the ultimate reliance for discouraging or correcting such abuses. The courts should not go beyond the narrow confines of determining that a committee's inquiry may fairly be deemed within its province. To find that a committee's investigation has exceeded the bounds of legislative power it must be obvious that there was a usurpation of functions exclusively vested in the Judiciary or the Executive. . . ."
One of the main issues in the Green case was the disclosure of the information obtained through the processes of the committee to the news media. Judge Urbom points out in his opinion that legislators have been held immune where they have authorized the publication of information gathered but not where they have arranged for the publication. Judge Urbom held that in Green the fact that the committee released the report to the press was different from authorizing its publication and that something further would have had to have been alleged in order for a cause of action to arise under the theory that a legislator arranged for the publication of these materials. As Judge Urbom points out in his opinion, the case drawing the distinction between the authorization of the release and an arrangement for the publication of these materials is Gravel v. United States,408 U.S. at 625.
Therefore as you can see, legislators are generally immune from personal liability where they are acting in their official capacity in areas where legislators traditionally have power to act and will not be held liable generally speaking for actions arising out of votes, statements made in debate or committee hearings or other official actions taken as a member of the Legislature or of a legislative committee.
You also ask whether or not this office would provide representation where actions are brought against members of the Legislature. It is our opinion that we would as we did in the Green case represent a legislator in an action brought against him as a state senator for words spoken in debate or for actions taken in his official capacity as a legislator.
We can however conceive of factual situations where the words spoken or the action taken by a state senator could be construed as being taken by that person as an individual and not as a state senator. Only in such unlikely situations as that would we feel that our representation would be inappropriate.
After you have an opportunity to review Judge Urbom's decision in Green v. DeCamp, please let us know if we can be of any further assistance in clarifying our position on the question of legislative immunity or our representation in any such actions brought.